J-A32001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| NICHOLAS RYAN GARBER, | |
| Appellant | No. 60 WDA 2015 |

Appeal from the Judgment of Sentence December 17, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000145-2014

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 9, 2015**

Appellant, Nicholas Ryan Garber, appeals from the judgment of sentence entered in the Court of Common Pleas of Greene County on December 17, 2014.  We affirm.

On October 14, 2014, Appellant pled guilty to the following offenses: 75 Pa.C.S. § 3802(c), Driving Under the Influence, Highest Rate, as a Second Offense, with a BAC of .300 percent; 75 Pa.C.S. § 3802(a)(1), Driving Under the Influence, Incapable of Safe Driving; 75 Pa.C.S. § 4524(e)(1), Windshield Obstructions and Wipers; and 75 Pa.C.S. § 4581(a)(2)(i), Restraint Systems.  On December 17, 2014, the trial court sentenced Appellant to a County Intermediate Punishment sentence of five years, including various restrictions.  Sentencing Order, 12/17/14, at 1-4

(unnumbered). Appellant timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.

In his brief, Appellant presents the following issues for our review:

A. Did the lower court err in relying upon the presentence investigation of Greene County Parole and Probation instead of the Defendant's Drug and Alcohol assessment from Greene County Human Services in finding that the Appellant was in need of further treatment?

B. Did the Drug and Alcohol Assessment, performed pursuant to § 3814(2) indicate that the Appellant was in need of further treatment?

C. Did the Court err in finding the Defendant was in need of further treatment despite the recommendation of the Drug and Alcohol Assessment which dictated no further treatment was necessary?

Appellant's Brief at 6.

Despite raising three issues in his appellate brief, Appellant preserved only his third issue for review by raising it in his Pa.R.A.P. 1925(b) statement.[1] Therefore, Appellant's first two issues are waived. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

---

[1] In his Pa.R.A.P. 1925(b) statement, Appellant contended that his assessment pursuant to 75 Pa.C.S. § 3814, completed after his conviction, contained no recommendations for additional treatment, yet the trial court found Appellant to be in need of further treatment and sentenced him to the statutorily available maximum sentence, thereby abusing its discretion. Pa.R.A.P. 1925(b) Statement, 1/23/15, at 1-2.

In support of his third issue, Appellant argues that the trial court misapplied its statutory mandate, as provided in 75 Pa.C.S. § 3804(d), in finding that Appellant should be sentenced to a county intermediate punishment for five years of supervision, which is an amount of time equal to the statutorily available maximum. Appellant's Brief at 12. Appellant maintains that the trial court "cited no aggravating factors which would warrant the imposition of a maximum sentence of 5 years against a second-time DUI offender that has many significant mitigating factors such as a college education, steady employment and a close family support network." *Id.* at 12-13. Appellant contends that the trial court failed to make a factual determination based upon the record and the facts of the case. *Id.* at 13.[2] In its brief, the Commonwealth objects to the consideration of Appellant's claim regarding his sentence because it involves review of a discretionary aspect of sentencing, and Appellant has failed to include a Pa.R.A.P. 2119(f) statement in his brief.

---

[2] Appellant's argument does not support the claim outlined in the question presented, namely that the trial court erred in finding that Appellant was in need of further treatment despite the recommendation of the Drug and Alcohol Assessment which dictated no further treatment was necessary. Appellant's Brief at 12. Furthermore, a review of the sentencing order makes no reference to a finding by the trial court that Appellant needed additional treatment, nor did it order Appellant to participate in further treatment. Given our disposition of this matter, however, this failure to support with argument the question presented does not impact our analysis.

We agree that Appellant's claim challenges the discretionary aspect of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence."). Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be deemed a petition for allowance of appeal. *In re W.H.M., Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170.

A review of Appellant's brief reveals that he has failed to include a Pa.R.A.P. 2119(f) statement. Moreover, as noted, the Commonwealth has objected to Appellant's omission. Because Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim. *Commonwealth v. Kiesel*,

854 A.2d 530, 533 (Pa. Super. 2004). Thus, this Court must deny the allowance of appeal and affirm the judgment of sentence.[3] *Id.*

As a result of our disposition, oral argument is unnecessary. Appellant is hereby notified that this case will not be heard at oral argument. Case ordered to be de-listed from the A32-2015 argument panel.

Judgment of sentence affirmed.

---

[3] To the extent that Appellant challenges the legality of his sentence, such claim lacks merit. The sentence imposed here does not exceed the statutory maximum. Appellant pled guilty to, *inter alia*, 75 Pa.C.S. § 3802(c), Driving Under the Influence, as a second offense, at the highest rate, with a BAC of .300 percent. The grading provision at 75 Pa.C.S. § 3803(b)(4) provides that an individual who violates section 3802(c) and has one or more prior offenses commits a misdemeanor of the first degree. A person convicted of a misdemeanor of the first degree may be sentenced to a term of imprisonment, the maximum of which is not more than five years. 18 Pa.C.S. § 106(b)(6). Additionally, this Court has stated that a trial court can impose a sentence under the County Intermediate Punishment Program for second DUI offenses. **Commonwealth v. Williams**, 941 A.2d 14, 26 (Pa. Super. 2008).

We further note that the trial court relied on the recommendation of the pre-sentence investigation report in issuing Appellant's sentence. Trial Court Opinion, 5/29/15, at 3. "When a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." **Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:   10/9/2015