COMMONWEALTH of Pennsylvania,
Appellee

v.

David A. AHMAD, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 11, 2008.
Filed Nov. 18, 2008.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: PANELLA, DONOHUE, and COLVILLE *, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, David Ahmad, appeals from the judgment of sentence entered on October 5, 2007, by the Honorable Pamela Pryor Dembe, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶ 2 On June 1, 2005, Ahmad entered a negotiated guilty plea to the charges of endangering the welfare of a child,[1] and corrupting the morals of a minor[2] arising from the repeated fondling of his 14–year–old step-daughter. Under the terms of the plea agreement, he was initially sentenced to 3 to 23 months confinement, fulfilled through house arrest, and followed by a consecutive term of five years reporting probation. At that time, he was also ordered to participate in sex offender counseling and refrain from further contact with the victim.

¶ 3 Subsequently, on February 10, 2006, while still under probation, Ahmad moved back in with the victim and her mother in direct violation of the trial court's order. He then proceeded to have improper contact with the victim on numerous occasions, making a practice of fondling her and grinding his genitals into her buttocks. He was eventually arrested for this pattern of conduct on the charges of unlawful contact with a minor[3] and indecent assault.[4]

¶ 4 Thereafter, while incarcerated, Ahmad contacted the victim in an attempt to suborn perjury from her and to persuade her to comply with an alibi he concocted concerning the dates of their prior sexual episodes. He then filed papers with the court alleging this fictitious alibi, but was subsequently charged with obstruction of justice and hindering prosecution for his conduct.[5]

---

* Retired Judge assigned to the Superior Court.

1. 18 PA. CONS.STAT.ANN. § 4304(b).

2. 18 PA. CONS.STAT.ANN. § 6301(a)(1).

3. 18 PA. CONS.STAT.ANN. § 6318.

4. 18 PA. CONS.STAT.ANN. § 3126.

5. 18 PA. CONS.STAT.ANN. § 5101.

¶5 On March 21, 2007, Ahmad pled guilty to the new charges and sentencing was deferred for purposes of a Megan's Law evaluation. On October 5, 2007, following this evaluation, the trial court found Ahmad to be a sexually violent predator. His probation was revoked in the initial case. He was subsequently sentenced to serve 23 months of back time and further ordered to serve a term of two and one-half years to five years imprisonment for endangering the welfare of a child and a consecutive sentence of two to five years imprisonment for corrupting the morals of a minor. Following the filing of a post-sentence motion challenging the discretionary aspects of his sentence, which was denied by the trial court, Ahmad brought this timely appeal.

¶6 On appeal, Ahmad raises the following issue for our consideration:

WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING AN EXCESSIVE SENTENCE OF 23 MONTHS PLUS FOUR AND ONE–HALF TO TEN YEARS CONFINEMENT WHERE IT PURPORTEDLY FAILED TO CONSIDER AHMAD'S PERSONAL HISTORY IN ACCORDANCE WITH THE SENTENCING CODE?

Appellant's Brief, at 3. After careful review, we affirm.

¶7 Ahmad maintains that the sentencing court abused its discretion by imposing an excessive sentence. A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence. *See, e.g., Commonwealth v. Pennington*, 751 A.2d 212, 215 (Pa.Super.2000), *appeal denied*, 564 Pa. 729, 766 A.2d 1246 (2000). "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273–74 (Pa.Super.2006). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.*, at 1274.

¶8 Instantly, Ahmad filed a timely post-sentence motion asserting that the discretionary sentence he received was excessive and constituted an abuse of discretion because the trial court failed to consider his personal history, failed to consult pre-sentence reports, and failed to comply with Section 9721(b) of the Sentencing Code. As such, we find that Ahmad's post-sentence motion preserved the claims now raised on appeal.

¶9 "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa.Super.2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id.* "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule

2119(f) statement to determine whether a substantial question exists.[6] *See id.* "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

¶ 10 Here, Ahmad has provided a Rule 2119(f) statement in his brief contending that the sentencing court abused its discretion by failing to consider his individualized circumstances in its imposition of a term of incarceration of 23 months back time and an aggregate sentence of four and one-half years to ten years in violation of the Sentencing Code. We find that Ahmad's contention properly raises a substantial question necessitating our review and thus limit our discussion to that issue. *See Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super.2003).[7]

¶ 11 Ahmad asserts that the trial court abused its discretion by failing to consider his personal history, such as age, rehabilitative needs, and any mitigating factors in its imposition of the new term of incarceration in violation of the Sentencing Code. We disagree, finding that this claim contradicts the information contained in the record and that the trial court's sentence sufficiently complies with the prerequisites of Sections 9721(b) and 9771(c) of the Sentencing Code.

¶ 12 When reviewing sentencing matters, it is well-settled that:

> [w]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower courts judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super.2000) (citation and internal quotations omitted).

■ ¶ 13 "Through the Sentencing Code, the General Assembly has enacted a process by which defendants are to be sentenced." *Commonwealth v. Walls*, 592 Pa. 557, 566, 926 A.2d 957, 962 (2007). "As a threshold matter, a sentencing court may select one or more options with regard to determining the appropriate sentence to be imposed upon a defendant." *Walls*, 592

**6.** Rule 2119 provides the following, in pertinent part:

 . . .

 **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

 Pa.R.A.P., Rule 2119(f), 42 Pa. Cons.Stat Ann.

**7.** However, we note that Ahmad's claim of excessive sentence, premised on the trial court's imposition of consecutive sentences on the two charges, does not raise a substantial question for our review. *See Commonwealth v. Pass*, 914 A.2d 442, 446 (Pa.Super.2006) (setting forth long-standing precedent that any challenge to the exercise of discretion enjoyed by a trial court in imposing a sentence either consecutively or concurrently fails to raise a substantial question) (citations omitted). Moreover, we find that this specific claim is also waived due to Ahmad's failure to properly raise it in his post-sentence motion with the trial court. *See* Pa.R.A.P., Rule 302(a), 42 Pa. Cons.Stat.Ann.

Pa. at 566, 926 A.2d at 962. "These options include probation, guilt without further penalty, partial confinement, and total confinement." *Id.;* 42 PA. CONS.STAT.ANN. § 9721(a). In making this selection, the Sentencing Code offers general standards with respect to the imposition of sentence which require the sentence to be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.;* 42 PA. CONS.STAT.ANN. § 9721(b).[8] "Thus, sentencing is individualized; yet, the statute is clear that the court must also consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing." *Id.; Commonwealth v. Green,* 494 Pa. 406, 409, 431 A.2d 918, 920 (1981).

¶ 14 In considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Perreault,* 930 A.2d 553, 557 (Pa.Super.2007), *appeal denied,* 596 Pa. 729, 945 A.2d 169 (2008) (citation omitted); 42 PA. CONS.STAT.ANN. § 9771(b).[9] "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Smith,* 447 Pa.Super. 502, 669 A.2d 1008, 1011 (1996).

¶ 15 It is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist in accordance with Section 9771(c) of the Sentencing Code:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 PA. CONS.STAT.ANN. § 9771(C).

¶ 16 "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Perreault,* 930 A.2d at 558 (citation omitted). "[I]t is only when it becomes apparent that the probationary order is not serving this desired end [of

8. Section 9721 of the Sentencing Code sets forth the following, in relevant part:

. . .

**(b) General standards.**—In selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . .

42 PA. CONS.STAT.ANN. § 9721(b).

9. Section 9771 of the Sentencing Code provides the following, in pertinent part:

. . .

**(b) Revocation.**—The Court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 PA. CONS.STAT.ANN. § 9771(b).

rehabilitation] the court's discretion to impose a more appropriate sanction should not be fettered." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa.Super.2007) (citation omitted).

¶ 17 Instantly, acknowledging that Pennsylvania's sentencing system is based upon individualized sentencing, we conclude that the record, when viewed *in toto*, clearly indicates that the trial court rendered a sentence that was individualized with respect to Ahmad.

¶ 18 Here, the record established that Ahmad resumed unlawful contact with the victim a mere eight months following his first conviction and during his term of house arrest, at which time he committed an additional 30 to 40 illegal sexual abuses upon his young step-daughter. *See* N.T., Sentencing, 10/5/07, at 5–6. The record provided that Ahmad went so far as to contact the victim during his recent incarceration in an attempt to induce perjury from her and to establish a fictitious alibi to avoid the legal consequences arising from his unlawful conduct. *See id.*, at 2, 4, 6–7. The trial court heard argument addressing Ahmad's age, his likely recidivism, his lengthy criminal history and the fact that he had been provided with four opportunities to comply with court orders concerning this victim but had failed. *See id.*, at 7–8, 10. The trial court heard information concerning the negative impact that Ahmad's sexual crimes had upon the victim, who attempted suicide as a result of Ahmad's unlawful conduct. *See id.*, at 7–8.

¶ 19 Finally, the trial court was presented with an apology from Ahmad which was "an almost identical very pretty apology [to the one] from ... [him] the first time around," as well as information concerning Ahmad's recent work history, and a request for leniency based on the early death of Ahmad's mother and his fear of reprisal from inmates. *See id.*, at 14–17.

¶ 20 Faced with the foregoing information, the court explicitly stated during the proceedings that Ahmad "has demonstrated not just in a narrow window of time but across at least his entire adult lifetime the necessary elements to establish that he has a personality disorder" and that "there is ... more than ample evidence that he is not subject to controls by anything ... tried so far." *See id.*, at 2–3. Noting the sheer ineffectiveness of Ahmad's prior sentence of house arrest and probation, the court emphasized that he has "been convicted, that hasn't done it ... [w]e've put him in jail, that hasn't done it ... [w]e've put him on parole and probation, that hasn't done it ... and he has contacted the victim in this case ... [to] try to get the witness to commit perjury to his benefit." *Id.* Consequently, the trial court found that Ahmad posed a future threat to this victim and other similarly situated, vulnerable members of the public, and as such, revoked his parole and probation and imposed the current sentence. *See id.*, at 3, 10, 13.

¶ 21 Mindful of the fact that sentencing is a matter vested in the sound discretion of the sentencing judge, and absent a showing of manifest abuse, we conclude that the trial court properly considered all of the relevant factors it was required to take into account in rendering the current sentence. The record reflects that the trial court properly weighed the gravity of the offenses as they related both to this victim and similarly situated members of the public. The trial court addressed Ahmad's likely recidivism despite his age, and noted that no remedial purpose would be served by permitting him to continue under a court-ordered probation in light of his repeated, unlawful conduct with the victim during his prior term of supervision.

As such, we find that the trial court's re-sentencing of Ahmad to a term of 23 months back time and four and one-half years to ten years for the aforementioned offenses was entirely consistent with Sections 9771(c) and 9721(b) of the Sentencing Code, and eminently justified.

¶ 22 For the foregoing reasons, we conclude that the trial court was well within its discretion to revoke Ahmad's parole and probation and impose the aforementioned sentence.

¶ 23 Judgment of sentence affirmed. Jurisdiction relinquished.