J-S75013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| KEVIN PATTERSON | |
| | |
| Appellant | No. 3115 EDA 2013 |

Appeal from the Judgment of Sentence October 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-081631-2005

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 13, 2015**

Appellant, Kevin Patterson, appeals from the October 2, 2013 judgment of sentence of seven and one-half to 20 years' incarceration, imposed following a violation of probation hearing.  After careful review, we affirm.

The trial court has set forth the relevant factual and procedural history as follows.

> [Appellant] and his cohorts robbed a Friendly's restaurant in Northeast Philadelphia wearing masks and carrying a shotgun, a handgun, and a revolver.  They ordered employees and customers to the floor and took money and other items from the restaurant, employees, and patrons.  Police arrested [Appellant and his co]defendants as they were fleeing from the crime scene.

On January 11, 2010, [Appellant] entered into a negotiated guilty plea and was sentenced on each of 4 counts of felony-one robbery to 4 to 10 years['] incarceration (all sentences to be served concurrently) (18 Pa.C.S. § 3701); he was also sentenced to 10 years['] probation on each of 4 counts of criminal conspiracy to commit robbery (all to be served concurrent to each probation and to his incarceration sentences for robbery) (18 Pa.C.S. § 903), and he was sentence[d] to 84 months concurrent probation for carrying a loaded firearm without a license (18 Pa.C.S. §6106).

Postmarked January 3, 2011, [Appellant] filed a Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. On September 14, 2012, PCRA counsel David Rudenstein, Esquire, filed an "Amended Post Conviction Relief Act Petition." On January 14, 2013, the Commonwealth filed its Motion to Dismiss. On April 2, 2013, th[e PCRA court] sent [Appellant] notice pursuant to Pa.R.Crim.P. 907, informing him that the issue[s] raised in his PCRA Petition [were] without merit. On May 1, 2013, th[e PCRA] court formally dismissed [Appellant]'s PCRA Petition.

On May 8, 2013, [Appellant] filed a Notice of Appeal, represented by PCRA counsel.

[PCRA Court Opinion, 6/16/13, at 1-2.] On May 29, 2013, [the trial c]ourt found [Appellant] to be in technical violation of his probation and ordered a presentence investigation report prior to sentencing [Appellant].

- 2 -

On June 16, 2013, th[e PCRA c]ourt filed its PCRA Opinion in relation to [Appellant]'s May 8, 2013 appeal, stating [Appellant]'s PCRA Petition was properly determined to be without merit.[1]

On October 2, 2013, t[he trial c]ourt sentenced [Appellant] for his violation of probation (VOP) to 7 and ½ to 20 years['] incarceration plus 7 years['] probation.

Trial Court Opinion, 2/25/14, at 1-3.

Thereafter, on October 16, 2013, Appellant's counsel filed a motion to reconsider titled "Petition to Vacate and Reconsider Sentence *Nunc Pro Tunc*." However, said motion did not formerly request *nunc pro tunc* relief. Nevertheless, that same day, the trial court denied Appellant's motion for reconsideration and his request for *nunc pro tunc* relief.

On October 31, 2013, Appellant filed a timely notice of appeal. On November 7, 2013, the trial court ordered Appellant to file, within 21 days, a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). On November 21, 2013, counsel for Appellant filed a motion for extension of time to file a 1925(b) statement, upon receipt of the notes of testimony. The certified record and

---

[1] Appellant filed an appeal with this Court. On February 21, 2014, a panel of this Court affirmed the PCRA court's decision, and on October 21, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Patterson***, 97 A.3d 810 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 101 A.3d 102 (Pa. 2014).

the docket are devoid of any trial court response to said motion. Thereafter, on December 2, 2013, Appellant filed a timely Rule 1925(b) statement.[2]

On appeal, Appellant raises the following issue for our review.

> Was not the sentence of seven and one-half to twenty years['] incarceration followed by seven years['] probation excessive and unreasonable?

Appellant's Brief at 4.

Our review is guided by the following.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. … An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

---

[2] Appellant's Rule 1925(b) statement was due 21 days from the date of the trial court's order, or on November 28, 2013. However, November 28, 2013, was Thanksgiving Day and the trial court's filing offices were closed on Thursday November 28 and Friday November 29, 2013 in observance of the holiday. When computing the time for filing, if the "last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, Appellant had until Monday December 2, 2013 to timely file his 1925(b) statement. Accordingly, Appellant's concise statement was timely.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Likewise, we review a sentence imposed following the revocation of probation for an error of law or an abuse of discretion. *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008). As the revocation of a sentence of probation is within the sound discretion of the trial court, "our review is limited to determining the validity of the revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Id.*

> [W]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. … [A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Id.* at 887 (citations and quotation marks omitted).

Appellant's challenge that his sentence was excessive and unreasonable implicates the trial court's discretion in sentencing.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the

sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Instantly, Appellant filed a timely notice of appeal, however, upon review, we conclude that Appellant has failed to preserve his issues for review. Pennsylvania Rule of Criminal Procedure 708 governs the rules applicable to challenging a sentence imposed following a violation of probation determination. Specifically, the rule provides for the timing of filing a motion to modify a sentence, as follows.

**Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**

…

**(E) Motion to Modify Sentence**

A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.

Pa.R.Crim.P. 708(E).

Further, the comments to Rule 708 note the following.

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived. ***See Commonwealth v. Jarvis***, 444 Pa. Super. 295, 663 A.2d 790, 791-2, n.1 (1995). As a general rule, the motion to modify sentence under paragraph (E) gives the sentencing judge the earliest opportunity to modify the sentence.

***Id.*** at cmt.

Instantly, Appellant's Rule 708(E) motion was filed on October 16, 2013, 14 days after the trial court imposed its sentence. Therefore, Appellant's motion was patently untimely.[3] Nevertheless, our inquiry does not end there. Appellant is not required to file a motion to modify sentence if the issues he wishes to challenge on appeal were preserved at sentencing. A review of the sentencing transcript reveals that Appellant has failed to preserve his discretionary aspects of sentencing challenge. Additionally, we note that Appellant's brief does not purport to have preserved Appellant's claim at sentencing.

Based on the foregoing, we conclude Appellant has waived his sole issue on appeal. Accordingly, the trial court's October 2, 2013 judgment of sentence is affirmed.

---

[3] As previously noted, Appellant requested *nunc pro tunc* relief in his motion to reconsider his sentence, but said relief was denied by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015