J-S68004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESIREE ARNETT HICKS, | |
| Appellant | No. 3305 EDA 2014 |

Appeal from the Judgment of Sentence Entered June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011814-2012

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 10, 2015**

Appellant, Desiree Arnett Hicks, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed after she pled guilty to third-degree murder and criminal conspiracy. Appellant solely challenges discretionary aspects of her sentence. We affirm.

The trial court detailed the facts of Appellant's case, as follows:

> [Appellant] and Aaron Hayes, Sr. lived together at a house on the 7000 block of Elmwood Street, Philadelphia. On May 27, 2012, Hayes informed [Appellant] that she would need to move out of the home, as Hayes was in a relationship with a different woman who would be moving in.
>
> At the end of May 2012, [Appellant] entered an auto mechanic shop and stated that Hayes had "swung on her," that "that M-F-er tried to put his hands on [her]," and that she wanted to "have Aaron fucked up." Present in the shop was Miguel Gonzalez, who [Appellant] knew had "bad blood" with Hayes.

[Appellant] subsequently asked Gonzalez to shoot and kill Hayes. In a series of text messages, [Appellant] communicated with Gonzalez, informing him that Hayes' "schedule don't change until June 17th" and that if Gonzalez could "somehow get the wallet…or just [a] TD Bank card," [Appellant] would be able to assist Gonzalez "with some green" so that Gonzalez could pay for repairs to his vehicle.

In the early morning hours of May 31, 2012, [Appellant] unlocked Hayes' van and Gonzalez hid within the vehicle, which was parked near Hayes' home. [Appellant], meanwhile, was in a parked car owned by Gonzalez's girlfriend, which Gonzalez had borrowed that morning. When Hayes exited the home just before 5:00 a.m. and opened his van, Gonzalez jumped from the van and shot Hayes three times with a gun provided by [Appellant]. After shooting Hayes, Gonzalez returned to the car in which [Appellant] was waiting and the two fled the scene. Emergency personnel transferred Hayes to the University of Pennsylvania Hospital, where he later died of the gunshot wounds.

Trial Court Opinion (TCO), 1/21/15, at 1-2 (citations to the record omitted).

On April 14, 2014, Appellant entered an open guilty plea to third-degree murder and criminal conspiracy to commit murder. On June 27, 2014, she was sentenced to 20 to 40 years' incarceration for her murder conviction, as well as a consecutive term of 5 to 10 years' incarceration for her conspiracy offense. Appellant filed a timely post-sentence motion for reconsideration of her sentence, which the court denied. She filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review:

I. Was the aggregate sentence of 25-50 years imposed by the court manifestly excessive and an abuse of discretion since it amounted to the functional equivalent of a life sentence and failed to give adequate weight to [Appellant's] age (58 yrs. old),

the age of her prior convictions, her history as a victim of domestic violence and the good works she has performed while incarcerated[?]

Appellant's Brief at 3.

Appellant presents a challenge to the discretionary aspects of her sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.").

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

*Id.* at 886-87 (citations, quotation marks and footnote omitted; emphasis in original).

Here, Appellant's Rule 2119(f) statement presents the following argument, in its entirety:

- 3 -

[Appellant] respectfully submits that her appeal from the discretionary aspects of sentencing should be heard by this Honorable Court. In the instant case, the 25-50 year sentence amounts to the functional equivalent of a life sentence. It is manifestly excessive in that it fails to give adequate weight to [Appellant's] age (58 yrs. old), the age of her prior convictions, her history as a victim of domestic violence and the good works she had performed while incarcerated and must be reversed.

Appellant's Brief at 9.

Essentially, Appellant contends that the court failed to give adequate weight to mitigating factors. She does not cite to any legal authority to support her assertion that this claim constitutes a substantial question for our review. Indeed, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). We also note that Appellant does not state what provision of the Sentencing Code, or fundamental norm underlying the sentencing process, that the trial court violated in fashioning her sentence. Therefore, we conclude that Appellant's claim does not constitute a substantial question for our review.

Nevertheless, even had Appellant's sentencing challenge satisfied this requirement, we would conclude that her underlying argument lacks merit. Appellant avers that in fashioning her lengthy sentence, the trial court failed to properly consider the fact that, while incarcerated prior to sentencing, she "attempt[ed] to mentor other inmates and to tutor them in preparation for taking their GED exams." Appellant's Brief at 6. Appellant also asserts that

the court did not take into account her age at the time of sentencing, her "traumatic and poverty filled childhood," and that she was the victim of "a horrible prior incident of domestic violence in which she was shot in the head and stabbed 75 times by another paramour." *Id.* Appellant explains that this "prior history as a victim of severe domestic violence" clarified that "her actions in the instant case were an irrational reaction to the perceived threat of domestic violence at the hands of the victim." *Id.* at 10-11. Further, Appellant points out that the convictions upon which [her] prior record score was based were thirty-seven and twenty-two years old, respectively." *Id.* at 11. In sum, Appellant maintains that "[g]iven the horrible history of domestic violence underscoring this reaction, as well as [Appellant's] age and good works she had performed while in custody, the lower court's sentence was grossly disproportionate and manifestly excessive as it amounted to the functional equivalent of a life sentence." *Id.*

Initially, "[i]t is well settled that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011) (citation and internal quotation marks omitted). "An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (citations and internal quotation marks omitted).

Here, the trial court explained its sentencing rationale, as follows:

[I]n fashioning an appropriate sentence, the [c]ourt explicitly considered the evidence presented during [Appellant's] guilty plea hearing, the information contained in the pre-sentence report and mental health evaluation, the Sentencing Guidelines, the need to protect the public, the gravity of the offense and its impact on the victim, the mitigation report submitted on behalf of [Appellant], and all victim impact statements submitted to the [c]ourt. Contrary to [Appellant's] assertion in her Statement of Errors, the [c]ourt explicitly stated that it considered all mitigation evidence presented by [Appellant], which included the age of [Appellant's] criminal history, her age at the time of sentencing, her history as a victim of domestic violence, as well as those efforts undertaken by [Appellant] while incarcerated. The [c]ourt sentenced [Appellant] to 20 to 40 years['] incarceration for the third[-]degree murder charge and 5 to 10 years['] incarceration on the conspiracy charge. These sentences were to run consecutive to each other, for an aggregate sentence of 25 to 50 years['] incarceration. While the sentence on the third[-]degree murder charge was within the standard range of the Sentencing Guidelines, the sentence imposed on the conspiracy charge was significantly below the standard range of the Guidelines. This was done in order for the [c]ourt to achieve an aggregate sentence which was fair under all the circumstances surrounding this case.

The record demonstrates that the sentence imposed by the [c]ourt was reasonable and commensurate with the outrageous criminal conduct committed by [Appellant]. [Appellant] hired someone to kill Mr. Hayes to prevent him from evicting [her] from his house so that another woman could move in. She was motivated by greed. She directly participated in the cold-blooded killing by providing the gun and unlocking the victim's van so that her hired assassin could hide inside and surprise the victim. The [c]ourt's aggregate sentence of 25 to 50 years was well below the 40 to 80 year maximum, and explicitly reflected the [c]ourt's careful balancing of all relevant sentencing factors, including the mitigating evidence submitted by [Appellant]. Because there is no basis to [Appellant's] claim that the sentence was in any way unreasonable, it should not be disturbed.

TCO at 3-4 (citations to the record omitted).

It is apparent from the trial court's discussion, which is supported by the record, that the court carefully considered the information proffered at the sentencing hearing, including the mitigating factors stressed by Appellant herein. There is nothing in the record to support Appellant's assertion that the court abused its discretion in fashioning her aggregate sentence. Accordingly, even had Appellant presented a substantial question for our review, we would deem her sentencing challenge meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015