J-S15007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY THOMAS, | |
| Appellant | No. 3219 EDA 2014 |

Appeal from the Judgment of Sentence Entered November 4, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006244-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED FEBRUARY 29, 2016**

Appellant, Timothy Thomas, appeals *nunc pro tunc* from the November 4, 2011 judgment of sentence of an aggregate term of 8½ to 17 years' incarceration, imposed after he pled guilty to rape (by forcible compulsion) and simple assault.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court set forth the facts of Appellant's case, as follows:

> On November 23, 2009, [Appellant] snuck into the bedroom of his girlfriend's sister.  [Appellant] crept up to the six month[s] pregnant victim, who was sleeping in bed with her two-year-old son, and began to rape her.  The victim's son woke up, at which point [Appellant] forcibly inserted his penis into the victim's mouth.  Then [Appellant] bent the victim over the bed and continued raping her.  After he was finished, [Appellant]

---

[*] Retired Senior Judge assigned to the Superior Court.

ordered the victim not to tell anyone about what had happened and then he fled. [Appellant] later texted the victim, apologized for raping her, and offered to pay her $200 if she [did not] go to the police. The victim contacted police anyway. The police listened to a phone conversation between [Appellant] and the victim in which [Appellant] apologized again for raping her.

Trial Court Opinion (TCO), 6/30/15, at 2.

On June 20, 2011, Appellant entered an open guilty plea to the above-stated offenses, in exchange for the Commonwealth's withdrawing other charges. On November 4, 2011, the court sentenced Appellant to a term of 8½ to 17 years' incarceration for the rape conviction, and a concurrent term of 1 to 2 years' incarceration for simple assault. Appellant did not file a post-sentence motion or a direct appeal.

On April 14, 2012, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Counsel was appointed and filed an amended petition on Appellant's behalf. After conducting a short hearing on October 31, 2014, the court issued an order that same day stating, "[Appellant's] appellate rights are reinstated *nunc pro tunc*." PCRA Court Order, 10/31/14 (unnecessary capitalization omitted).

Appellant's counsel then filed a timely notice of appeal on Appellant's behalf. Appellant also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Herein, he raises the following two issues for our review, which we have reordered for ease of disposition:

> I. Did the [PCRA] court err in denying [A]ppellant's motion to file post[-]sentence motions *nunc pro tunc*; because of this [A]ppellant was unable to file a motion to correct what

[A]ppellant believed was an erroneous sentence that based on the record was more severe than the trial court intended to impose?

II. Is [A]ppellant entitled to a new sentenc[ing] hearing when the trial court intend[ed] to impose a sentence in the mitigated range of the sentenc[ing] guidelines because it found that [A]ppellant was remorseful but mistakenly imposed a more severe sentence in the standard range of the sentenc[ing] guidelines?

Appellant's Brief at 2.

Initially, Appellant's first claim does not implicate his judgment of sentence but, rather, it challenges the PCRA court's order issued on October 31, 2014.[1] Specifically, Appellant contends that the PCRA court erred by denying his request to file a *nunc pro tunc* post-sentence motion, which precluded Appellant from preserving the sole issue he raises in this *nunc pro tunc* direct appeal, *i.e.*, a challenge to the discretionary aspects of his sentence. Appellant notes that the court's October 31, 2014 order ruling on his petition stated only, "Defendant's appellate rights are reinstated *nunc pro tunc*." PCRA Court Order, 10/31/14.

However, the trial court (which also presided over Appellant's PCRA petition) states in its opinion that "[w]hen [it] reinstated [Appellant's] direct appeal rights, it was the [c]ourt's intention to give [Appellant] his *full*

---

[1] Appellant should have filed two separate notices of appeal, one *nunc pro tunc* appeal from his judgment of sentence, and another notice of appeal from the PCRA court's order issued on October 31, 2014. However, Appellant did state, in the single notice of appeal that he filed, that he was appealing from *both* his judgment of sentence, as well as the PCRA court's order.

appellate rights, including the ability to file any necessary post-sentence motions required to properly preserve any issues for direct appeal pursuant to Pennsylvania Rule of Criminal Procedure 720(B)." TCO at 3. The court then declares that, "in the interest of judicial economy[,] this [c]ourt will treat [Appellant's] … allegations of error as if they were properly preserved for appeal and address them on their merits, despite the fact that these issues were never raised in a post-sentence motion, *nunc pro tunc* or otherwise." ***Id.*** at 3-4.

The odd procedural posture of this case, the reasonable confusion regarding the scope of the PCRA court's brief order, and the fact that the PCRA court *intended* to reinstate Appellant's right to file a post-sentence motion *nunc pro tunc*, compel us to likewise overlook the waiver of Appellant's sentencing issue based on his failure to file a post-sentence motion.

However, we cannot overlook another basis on which Appellant has waived the specific sentencing challenge he asserts herein. Appellant solely contends on appeal that the trial court "intend[ed] to impose a sentence in the mitigated range of the sentenc[ing] guidelines[,]" yet the court "mistakenly imposed a higher sentence in the standard range of the sentenc[ing] guidelines." Appellant's Brief at 7. According to Appellant, this ostensible mistake by the court constitutes an abuse of discretion and renders his sentence "unreasonable." ***Id.*** at 8.

As the Commonwealth points out, in Appellant's Rule 1925(b) statement, he raised the following issues pertaining to his sentence:

> 3. The trial court abused its discretion in the sentence it imposed on [Appellant]. The sentence was unreasonable.

> 4. The sentence imposed was above the aggravated range of the sentencing guidelines.

Rule 1925(b) Statement, 12/2/14. Appellant did not specifically state that the trial court erred by imposing a standard range sentence when it intended to impose a sentence in the mitigated range of the guidelines. Consequently, the trial court did not address this claim in its Rule 1925(a) opinion. Therefore, we conclude that Appellant has waived this sentencing issue for our review.[2] **See** Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Nevertheless, even if properly preserved, we would decline to review Appellant's sentencing claim.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to

---

[2] We note that the trial court's order to file a Rule 1925(b) statement specifically directed that "[a]ny issue not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Trial Court Order, 11/17/14.

pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citations, quotation marks and footnote omitted; emphasis in original).

Here, Appellant presents a Rule 2119(f) statement arguing that the court's sentence was "unreasonable, irrational, and an abuse of discretion because the court … told [Appellant] three times that it intended to impose a sentence in the mitigated range of the sentenc[ing] guidelines, but erroneously imposed a more severe sentence in the standard range of the sentenc[ing] guidelines." Appellant's Brief at 3. Appellant does not specify what "specific provision of the sentencing scheme" or "fundamental norm" of the sentencing process the court violated in this regard.[3] Appellant also

_____

[3] We also note that at no point in his Rule 2119(f) statement, or the argument portion of his brief, does Appellant cite to where in the record the
*(Footnote Continued Next Page)*

claims that "[t]he imposition of consecutive sentences imposed by the trial court was a manifest abuse of discretion…." *Id.* However, the record confirms that Appellant's sentences were imposed to run concurrently, not consecutively. Accordingly, Appellant has failed to convince us that either of his claims constitute a substantial question warranting our review.[4]

Judgment of sentence affirmed.

_____
*(Footnote Continued)*

sentencing court purportedly indicated its intention to impose a mitigated range sentence.

[4] In any event, we would ascertain no abuse of discretion in the court's decision to impose standard range, concurrent sentences for Appellant's two offenses. In its opinion, the court states:

> [I]n imposing [Appellant's] sentence, this [c]ourt took into account all mitigating factors cited by defense counsel, as well as arguments of the Commonwealth. This [c]ourt carefully considered the heinous acts committed by [Appellant] as well as the fact that [Appellant] entered into a guilty plea. The [c]ourt also took into account the seriousness of the violation, [Appellant's] rehabilitative needs, and the need to protect the community in accordance with 42 Pa.C.S. § 9721(b).

TCO at 7 (footnote and citations to the record omitted). We have reviewed the record of the lengthy sentencing hearing conducted by the court, which supports the court's claim that it carefully considered all of the requisite sentencing factors, including Appellant's remorse and other mitigating circumstances. While the court did incorrectly state that Appellant's sentence was in the mitigated range of the guidelines, *see* N.T. Sentencing, 11/4/11, at 43, it is clear that the court prudently fashioned, and fully intended to impose, the aggregate term of 8½ to 17 years' incarceration. The record also demonstrates that the court provided ample reasons for imposing Appellant's standard range, concurrent sentences. Accordingly, even if Appellant's claim constituted a substantial question, we would conclude that the court did not abuse its discretion in sentencing him.

Judge Platt joins this memorandum.

Judge Olson concurs in the result of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016