J-S75009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RICHARD ALEXANDER FILL | : | |
| | : | |
| Appellant | : | No. 319 WDA 2017 |

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000082-2016

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 30, 2018**

Appellant, Richard Alexander Fill, appeals from the judgment of sentence entered on January 23, 2017, in the Erie County Court of Common Pleas. We affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court provided the following factual and procedural history:

> Appellant was convicted after a non-jury trial on November 7, 2016 of Assault on a Law Enforcement Officer, Criminal Mischief, Simple Assault, Recklessly Endangering … Another Person, Possession of a Controlled Substance, and Possession of Drug Paraphernalia.[1]
>
> ---
> [1] 18 Pa.C.S.A. §2702.1; 18 Pa.C.S.A. §3304(a)(5); 18 Pa.C.S.A. §2701(a)(3); 18 Pa C.S.A. §2705; 35 [P.S.] §780-113(a)(16); [and] 35 [P.S.] §780-113(a)(32), respectively.
>
> ---
> On January 23, 2017, Appellant was sentenced to 5 to 10 years for Assault on a Law Enforcement Officer and 6 to 24 months for Criminal Mischief. The Simple Assault and Reckless

Endangerment counts were merged with the Assault on a Law Enforcement Officer count. Appellant also received 12 months of probation for Possession of a Controlled Substance and 12 months of probation for Possession of Drug Paraphernalia.

Trial Court Opinion, 4/7/17, at 1.

On February 6, 2017, the trial court held Appellant's restitution hearing. At the hearing, Appellant stated that he wished to file post-sentence motions. N.T., 2/6/17, at 7. The trial court relayed Appellant's desire to file post-sentence motions to Appellant's trial counsel, and the court noted its concern that the time for filing post-sentence motions may have expired. *Id.* at 9. Trial counsel responded: "We have that marked as something that needs to be filed right away." *Id.* However, the record does not reflect the filing of a post-sentence motion, a petition to file a post-sentence motion *nunc pro tunc*, or a petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Rather, the record reveals that trial counsel filed Appellant's notice of appeal eight days later on February 14, 2017.

That same day, the trial court directed Appellant to comply with Pa.R.A.P. 1925(b) and file a concise statement of errors complained of on appeal. Trial counsel filed Appellant's Pa.R.A.P. 1925(b) statement on March 6, 2017.[1] In Appellant's Pa.R.A.P. 1925(b) statement, trial counsel asserted

_____

[1] During the pendency of this appeal and while he remained represented by trial counsel, Appellant filed *pro se* documents with the trial court seeking an
*(Footnote Continued Next Page)*

that the verdicts were against the weight of the evidence and challenged the discretionary aspects of Appellant's sentence averring that the trial court imposed an excessive sentence.[2]  Pa.R.A.P. 1925(b) Statement, 3/6/17.[3]

Both of Appellant's issues required Appellant to present them to the trial court in the first instance to properly preserve them for appeal.  "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing."  *See Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa. Super. 2017) (citation omitted).  Moreover, it is well settled that an appellant does not have an automatic right to appeal the discretionary aspects of his sentence.  *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).  An

_(Footnote Continued)_ ―――――――――――――

explanation of the status of his case, illustrating his difficulty contacting trial counsel, noting his desire to appeal, and informing the trial court that he wished to proceed with new counsel.  Letters, 2/16/17, 2/27/17.  The record reveals that current counsel entered his appearance on March 20, 2017.

[2] An allegation that the sentence imposed was excessive is a challenge to the discretionary aspects of a sentence.  *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citations omitted).

[3] In his brief on appeal, Appellant's current counsel also included a challenge to the sufficiency of the evidence.  Appellant's Brief at 13.  However, because this issue was not contained in Appellant's Pa.R.A.P. 1925(b) statement, we conclude that it was waived on appeal. *See Commonwealth v. Perez*, 103 A.3d 344, 347 n.1 (Pa. Super. 2014) (it is well-settled that issues that are not included in the appellant's Pa.R.A.P. 1925(b) statement are deemed waived) (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.")).

appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d 162, 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

In this case, Appellant did not file post-sentence motions or preserve his challenge to the weight of the evidence in a written motion or orally prior to sentencing. Accordingly, Appellant has waived his challenge to the weight of the evidence. *Giron*, 155 A.3d at 638. Additionally, Appellant failed to raise his challenge to the discretionary aspects of his sentence at the sentencing hearing or in a post-sentence motion. Thus, Appellant waived his challenge to the discretionary aspects of his sentence. *Moury*, 992 A.2d at 170. Accordingly, because Appellant waived his issues on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2018