J-S58021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
            v.                      :
                                :
                                :
DJIMON D. JOHNSON             :
                                :
           Appellant          :      No. 395 WDA 2019

Appeal from the Judgment of Sentence Entered November 5, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002321-2016

BEFORE:    PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:              FILED JANUARY 7, 2020

       Appellant, Djimon D. Johnson, appeals nunc pro tunc from the judgment

of sentence of 2-4 years' imprisonment, imposed after the trial court revoked

his probation. We affirm.

       Appellant summarizes the procedural and factual background of his case

as follows: [1]

> On November 5, 2018, ... Appellant appeared before the
> Honorable William Cunningham of the Erie County Court of
> Common Pleas for a probation revocation/re-sentencing hearing.
>
> [] Appellant's penalty stems from a conviction for Firearms Not to
> Be Carried Without a License (Loaded) (18 Pa.C.S. § 6106(a)(1)).
> This conviction was the result of a negotiated plea with the
> Commonwealth entered on or about October 28, 2016. On
> January 20, 2017, ... Appellant was sentenced to a period of [11½
> to 23 months] of incarceration followed by [5] years of probation.
> [] Appellant received pre-sentence credit in the amount of [225]
> days of incarceration.

_____

[1] The Commonwealth did not file a brief in this matter.

On September 7, 2017, ... Appellant was granted parole.

On October 8, 2018, ... Appellant was detained by Erie County Adult Probation due to a number of violations of the conditions of ... Appellant's probation and parole.

On November 6, 2018, a hearing on the violations was held before Judge Cunningham where Adult Probation alleged that ... Appellant had violated [C]onditions [#]5 and 11. Specifically, Adult Probation alleged that ... Appellant had violated Condition #5 where he is ordered to comply with all municipal, county, state, and federal laws, as well as the conditions of the vehicle code. Adult Probation alleged [that] Appellant had been charged with Driving While Operating Privilege [i]s Suspended or Revoked on [8] occasions. Adult Probation submitted that ... Appellant was convicted of that offense on [5] occasions due to ... Appellant['s] admitting his guilt. As of the date of the revocation hearing, the other [3] allegations for Driving While Operating Privilege [i]s Suspended or Revoked were awaiting disposition.

Further, Adult Probation alleged ... Appellant violated Condition #11 where he was directed to attend and successfully complete any educational, vocational or therapeutic program offered by a recognized agency. Adult Probation alleged ... Appellant was unsuccessfully discharged from the TASC random urinalysis program on September 14, 2018.

At the revocation hearing, ... Appellant admitted to the violations of Conditions #5 and #11. The ... court re-sentenced ... Appellant to [24 to 48] months of incarceration to be served consecutive to the original period of incarceration of [11½ to 23 months] months. This resulted in an aggregate re-sentence of [35½-71 months] of incarceration. The court applied [482] days of credit.

A post-revocation motion seeking the reconsideration and/or modification of ... Appellant's re-sentence was filed on November 16, 2018. Said motion was denied on November 20, 2018. No Notice of Appeal was filed.

A motion for Post-Conviction Collateral Relief[2] was filed by ... Appellant, pro se, on February 8, 2019[,] seeking the reinstatement of [his] appellate rights. Said motion was granted

_____

[2] 42 Pa.C.S. §§ 9541-9546.

on February 14, 2019.  A timely Notice of Appeal[, filed nunc pro tunc,] followed on March 8, 2019.

Appellant's Brief at 4-5.

After Appellant filed his notice of appeal, the trial court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days, and advised him that any issue not properly included in his statement would be deemed waived.  See Order, 3/14/2019.  Appellant timely filed his statement.

Appellant presently raises one issue for our review:

Whether the re-sentenc[ing] of the trial court [was] manifestly excessive, unreasonable and inconsistent with the objectives of the Sentencing Guidelines?

Appellant's Brief at 3.

At the outset, we observe that Appellant did not raise this issue in his Rule 1925(b) statement.  See Rule 1925(b) Statement, 4/2/2019. Accordingly, we deem it waived.  See Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

In addition to excluding this claim from his Rule 1925(b) statement, Appellant also failed to raise it at sentencing or in his post-sentence motion. See Commonwealth v. Ahmad, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence.  Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citations

- 3 -

omitted). Here, our review of the record demonstrates that Appellant did not assert this claim at sentencing or in his post-sentence motion.[3] Accordingly, he has waived this issue on this basis as well.

Nevertheless, even if not waived for the above-stated reasons, we would determine that the trial court did not abuse its discretion in resentencing Appellant.

When reviewing sentencing matters, it is well-settled that:

> [W]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court[']s judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.
>
> Through the Sentencing Code, the General Assembly has enacted a process by which defendants are to be sentenced. As a threshold matter, a sentencing court may select one or more options with regard to determining the appropriate sentence to be imposed upon a defendant. These options include probation, guilt without further penalty, partial confinement, and total confinement. In making this selection, the Sentencing Code offers general standards with respect to the imposition of sentence which require the sentence to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. Thus, sentencing is individualized; yet, the statute is clear that the court must also consider the

_____

[3] Appellant also does not direct us to where he raised this issue below.

sentencing guidelines adopted by the Pennsylvania Commission on Sentencing.

In considering an appeal from a sentence imposed following the revocation of probation, [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

It is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist in accordance with Section 9771(c) of the Sentencing Code:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.[C.S.] § 9771(C).

The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct. [I]t is only when it becomes apparent that the probationary order is not serving this desired end [of rehabilitation] the court's discretion to impose a more appropriate sanction should not be fettered.

Ahmad, 961 A.2d at 887-89 (most internal citations and quotation marks omitted; some brackets added).

Appellant argues that the trial court did not need to impose such a lengthy sentence when considering the protection of the public, the gravity of

the offense, and his rehabilitative needs.  Appellant's Brief at 8.  At sentencing,

the trial court provided the following reasons for its sentence:

> I have listened to the evidence presented here today.  I've read the revocation summary in it[s] entirety.  I've read the presentence report i[n] it[s] entirety.  I recall this case.  I was the sentencing judge.  And ... I have a number of concerns.
>
> [Appellant] came into the juvenile justice system in 2012, and there were a whole host of opportunities to work with [Appellant] and services put in place to help [him], and [he] made little, if any, progress.  [Appellant] got revoked four different times at Docket No. 551 of 2012.
>
> [Appellant] originally had a deferred placement ... so [he] could stay with [his] mother, [but] that didn't work out so [he] got revoked and then sent to Vision Quest and [he got] revoked again.  And [Appellant's] given the opportunity to stay in the community in the collaborative intensive treatment program; that didn't work out and [he] got revoked from that.  [Appellant was] given electronic monitoring; that didn't work out either.
>
> So then [Appellant's] back a number of other times.  [He's] given opportunities to stay in the community and live with [his] family, but [he] get[s] revoked.  And then eventually [he] get[s] sent to North Central Secure Treatment unit and [he is] discharged to the custody of [his] mother, once again.  And then [he is] back as an adult.
>
> I note this is [his] first adult offense.  [Appellant was] discharged on July 19th of 2016 from juvenile supervision.  The offense that [he was] here on was technically committed while [he was] still under juvenile supervision.  This offense was June 9th of 2016, and [he was] in possession of a loaded firearm.  And I would note that technically [Appellant was] under supervision for possession of ... a loaded firearm by a minor.  So that in and of itself was a rather disturbing pattern when [he] presented for sentencing....
>
> Nonetheless, I reread the sentencing guidelines this morning because I looked at the sentence and knew that this was a break for [him].  The standard range of the sentencing guidelines called for 18 to 30 months[' incarceration] as a minimum[,] and I gave [him] much less than that to keep [him] at the county level and

put services in place for [him] that would help [him] turn [his] life around.

And it is unfortunate that I then gave [Appellant] an opportunity, [he was] sent over to the work release center and [he] got [him]self kicked out of there for just blatantly dishonest behavior[,] forging time and signatures on passes. So there's another example of [Appellant's] not being able to comply with the rules, not being amenable to community supervision.

So [Appellant was] paroled [on] September 5th of 2017. And when [he was] paroled, [it was] within the expectation that[,] having served time in jail[,] [he] would want to turn [his] life around, which was what [he was] telling me in a couple of letters that [he] had sent me. And yet three days after [he is] out on parole, [he is] committing the first of eight times [of] being charged with driving with a suspended license, and [there is] no excuse for that, none whatsoever.

While [Appellant was] … flaunting [sic] the law in that respect, in March of 2017[,] [he] had been, by [his] own admission, smoking marijuana. [His] probation officer sent [him] for an assessment, which comes back no treatment necessary, which just tells me that [he] blatantly lied to the assessor about what [his] circumstances were because obviously [he] needed treatment. But the sanction there wasn't to revoke [him], there's an opportunity to work with [him].

So [Appellant's] probation officer didn't necessarily send [him] to treatment, but [the probation officer] said [he] need[s] to go to the [TASC] program, which is simply a drug and alcohol monitoring program and [Appellant] couldn't do that. [He] got [him]self kicked out of that for a whole host of violations, even after being put on a behavior contract.

So the cumulative effect of [his] attitude and [his] behavior…[,] this is true as a juvenile and as an adult, [is] that [he does] not feel like [he] need[s] to follow the laws, the criminal laws of this country or this Commonwealth or the rules of [his] supervision, whether [he is] under the juvenile or the adult system, and that's despite that fact [he has] been given a number of breaks and all the resources necessary to straighten [his] act out.

I appreciate what [Appellant's] mother had to say here today and [his] family that's here today. And to [his] mother's credit, obviously she's been supportive of [him] since [he has] been a

juvenile.  [Appellant has] been discharged to her supervision and custody[,] and yet [he] disrespect[s] her every time [he] go[es] out and violate[s] the law.  I don't think that's occurred to [Appellant] yet....

N.T. Revocation and Re-sentencing Hearing, 11/5/2018, at 19-23.

We would discern no abuse of discretion.  In fashioning Appellant's sentence, the court adequately considered the protection of the public, the gravity of the offense, and his rehabilitative needs.  See Ahmad, supra. Accordingly, even if preserved, we would determine that Appellant's argument lacks merit.  Thus, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2020