J-S41008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. MORALES-CASTRO, | |
| Appellant | No. 1974 EDA 2015 |

Appeal from the Judgment of Sentence May 11, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002781-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. MORALES-CASTRO, | |
| Appellant | No. 1977 EDA 2015 |

Appeal from the Judgment of Sentence May 11, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0005565-2012

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED JUNE 22, 2016**

Appellant, Anthony M. Morales-Castro, appeals from the judgment of sentence of an aggregate term of 10 to 20 years' imprisonment, imposed after he was convicted by a jury of various drug-related offenses.  On

_____

[*] Former Justice specially assigned to the Superior Court.

appeal, Appellant challenges the legality, and the discretionary aspects, of his sentence. After careful review, we affirm.

Appellant was charged in two separate cases with possession with intent to deliver (PWID), and other drug related offenses. Briefly, in the first case (docketed by the trial court at CP-39-CR-0005565-2012, and hereinafter "5565-2012"), officers conducted a controlled drug-buy, during which a confidential informant purchased 100 grams of cocaine from Appellant for $3,900. In the second case (docketed by the trial court at CP-39-CR-0002781-2012, and hereinafter "2781-2012"), Appellant's home was searched via a warrant and officers discovered, *inter alia*, a 970-gram brick of cocaine and a semi-automatic handgun with a magazine and 13 rounds of ammunition.[1] Following this search, Appellant was arrested.

Appellant's two separate cases were consolidated prior to trial, and at the close thereof, the jury convicted him of two counts each of PWID, 35 P.S. § 780-113(a)(30), and possession of a controlled substance, 35 P.S. § 780-113(a)(16). Appellant was also convicted of single counts of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and criminal use of a communication facility, 18 Pa.C.S. § 7512(a). Appellant was sentenced to

---

[1] For a more detailed discussion of the facts and procedural history of Appellant's two cases, see this Court's prior decision in ***Commonwealth v. Morales-Castro***, No. 2111 EDA 2013, unpublished memorandum at 2-6 (Pa. Super. filed Feb. 17, 2015) (quoting Trial Court Opinion, 6/20/13, at 4-10) (hereinafter "***Morales-Castro I***").

an aggregate term of 14 to 20 years' incarceration, which included two mandatory minimum sentences for his PWID offenses, imposed under 42 Pa.C.S. § 7508.

Appellant filed an initial direct appeal to this Court (**Morales-Castro I**) presenting numerous claims. Ultimately, we affirmed his convictions, but concluded that his mandatory minimum sentences were illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014) (deeming 42 Pa.C.S. § 7508 unconstitutional in its entirety as it violates the rule announced in **Alleyne**). **See Morales-Castro I**, No. 2111 EDA 2013, unpublished memorandum at 24-27. Accordingly, we vacated Appellant's sentence, in its entirety, and remanded for resentencing. **Id.** at 32.

The trial court conducted a resentencing hearing on May 11, 2015. At the conclusion thereof, the court imposed consecutive terms of 5 to 10 years' imprisonment for Appellant's two PWID convictions, along with concurrent terms of 6 to 12 months' incarceration for his convictions of possession of drug paraphernalia and criminal use of a communication facility. Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The trial court filed an opinion on August 4, 2015.

Herein, Appellant presents seven issues for our review. *See* Appellant's Brief at 6. However, his issues 1 through 4, and his issue 7, were all addressed by this Court in *Morales-Castro I*. *See Morales-Castro I*, No. 2111 EDA 2013, unpublished memorandum at 7-24 (addressing issues 1-4), 27-32 (addressing issue 7). Accordingly, we will not reassess these claims. Instead, we will limit our review to the two issues presented by Appellant that our Court did not previously address, as they stem from his resentencing:

> [1]. Whether the trial court imposed an illegal sentence when it sentenced [Appellant] to five to ten years for the sale of 100 grams or less of cocaine in the matter of CP-39-CR-0005565-2012?
>
> [2]. Whether the trial court abused its discretion by considering non-record materials when it imposed an[] aggravated sentence and consecutive rather than concurrent sentences?

Appellant's Brief at 6.

Appellant's argument in support of his first issue is rather confusing, but from what we can ascertain, he is contending that his sentence of 5 to 10 years' incarceration in case 5565-2012 is illegal because it exceeds the sentencing guideline range. *See* Appellant's Brief at 26. Initially, "it is necessary to remember that the sentencing guidelines are advisory only[,]" and the court may "sentence outside the guidelines, … so long as it offers its reasons." *Commonwealth v. Davis*, 737 A.2d 792, 798 (Pa. Super. 1999). Because the guidelines are advisory only, and the court may sentence

- 4 -

outside them, it follows that Appellant's sentence is not *illegal* simply because the court chose to do so.

Moreover, Appellant's claim is patently meritless because his sentence in case 5565-2012 falls *within* the guidelines, albeit the aggravated range. Appellant's argument that his sentence is outside the guideline range appears to be premised on his incorrect conclusion that the offense gravity score (OGS) in case 5565-2012 was 10. However, the Commonwealth argues, and we agree, that because Appellant was convicted of possessing 100 grams of cocaine, with the intent to deliver those drugs, the appropriate OGS was 11. **See** 204 Pa.Code. § 303.16(a). With a prior record score of zero for this offense, the guidelines called for a standard range, minimum sentence of 36 to 54 months' imprisonment, plus or minus 12 months for the mitigated/aggravated range. Thus, Appellant's minimum sentence of 5 years' (*i.e.*, 60 months') imprisonment for this offense is within the aggravated range of the guidelines. Because his maximum sentence of 10 years' incarceration does not exceed the statutory maximum term permissible for PWID cocaine, his sentence is not illegal. **See** 35 P.S. § 780-113(f)(1.1) (stating that the maximum sentence for PWID cocaine is ten years in prison). Thus, Appellant's first issue is meritless.

In Appellant's second issue, he challenges the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the

discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (citations, quotation marks and footnote omitted; emphasis in original).

Appellant has included a Rule 2119(f) statement in his brief. Therein, he argues that the court abused its discretion by imposing aggravated range sentences for his PWID offenses. Appellant claims that the court's decision to do so was based on facts that were "not supported by any evidence in the record." Appellant's Brief at 56. Namely, Appellant argues that the Commonwealth improperly referred to his "'non[-]charged drug activities' and the length of time in which [Appellant] engaged in these activities." *Id.* He maintains that based on this information, the court concluded that he "was a 'large scale drug dealer'" and imposed sentences in the aggravated range of the guidelines. *Id.*

We conclude that Appellant's claim presents a substantial question for our review. *See Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa.

- 6 -

Super. 2010) (considering a claim that the trial court relied on an improper factor as raising a substantial question for our review). However, Appellant has not convinced us that the court abused its discretion. We acknowledge that at Appellant's *initial* sentencing proceeding, the Commonwealth commented that Appellant was transporting "kilos" of cocaine into Pennsylvania, and that he was being investigated "for several months" before the search warrant for Appellant's home was obtained and he was arrested. N.T. Sentencing, 5/30/13, at 9-10. While Appellant contends that the court improperly relied on this information to conclude that he was a 'large scale drug dealer' and to impose aggravated range sentences, at the *resentencing* hearing on May 11, 2015, this information was not mentioned. Instead, the Commonwealth stated to the court, "Your Honor, … you heard *the entire trial*. Clearly [Appellant is] a large scale dealer…." N.T. Resentencing, 5/11/15, at 2 (emphasis added). The Commonwealth argues, and we agree, that the evidence presented at Appellant's trial supported that characterization. Namely, Appellant sold a confidential informant 100 grams of cocaine in exchange for $3,900. When Appellant's home was later searched, a near-kilo (970 grams) brick of cocaine was confiscated, along with a semi-automatic firearm and numerous rounds of ammunition. These facts made it reasonable for the trial court to deem Appellant a 'large scale dealer,' and to consider this fact when determining the appropriate sentence. Thus, the record does not support Appellant's claim that the court considered improper facts when resentencing him.

Appellant also briefly contends that in deciding to impose aggravated range sentences, the court disregarded mitigating facts, including that these crimes were Appellant's first offenses, he had no prison misconducts while incarcerated in this case, he has a minor child, and he has obtained his GED and become a tutor to other inmates. Appellant's Brief at 56-57. Even presuming that such an argument constitutes a substantial question for our review, the record confirms that defense counsel informed the court of these mitigating facts at the resentencing hearing. N.T. Resentencing at 4. Additionally, the court had the benefit of a presentence report prior to the first sentencing hearing, and stated that it reviewed and considered that report. N.T. Sentencing at 2.[2] The court also heard, during that initial proceeding, a statement from Appellant discussing his remorse, his acknowledgment of responsibility, and his desire to change. *Id.* at 3-5. Accordingly, the record demonstrates that the court considered the mitigating factors discussed by Appellant herein, but concluded that his large-scale participation in drug dealing, and the danger he poses to society, warranted consecutive, aggravated range sentences at the time of resentencing. *See* N.T. Resentencing at 5 (court's stating, "[t]he reason for

_____

[2] Appellant did not state that there were any changes or additions to the presentence report at the resentencing hearing.

the aggravated range [sentence] is: [Appellant] is a danger to the community" and he "was a large scale distributor of [a] controlled substance"). Therefore, Appellant's second sentencing claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016