J. S57008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
               v.            :
                               :
CHRISTY PERRI,                :       No. 926 WDA 2015
                               :
           Appellant    :

Appeal from the Judgment of Sentence, March 3, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0010832-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 21, 2016**

Christy Perri appeals from the March 3, 2015 aggregate judgment of sentence of four to eight years' imprisonment, followed by two years' probation, imposed after she pled guilty to possession of a firearm, carrying a firearm without a license, and the summary offense of driving under suspension.[1]  After careful review, we affirm.

The trial court set forth the relevant facts of this case, as gleaned from the guilty plea hearing, as follows:

> [O]n or about Friday, [August 1, 2014], at approximately 2130 hours, City of Pittsburgh Police were on patrol in a marked unit in full uniform in the Uptown area of Pittsburgh.  They observed a white Dodge Charger with Pennsylvania registration

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6106 and 75 Pa.C.S.A. § 1543, respectively.

HWV2753 traveling inbound on Fifth Avenue. When it came to the intersection of Washington Place, they observed that none of the brake lights were functioning on the vehicle. They effectuated a traffic stop and approached [appellant], who was the driver of the vehicle. They detected a faint odor of burnt marijuana coming from the vehicle's compartment. [Appellant] stated that she did not have a valid driver's license. The officers asked [appellant] and the occupants, based on their nervous behavior, to remove themselves from the vehicle for the officer's safety. A pat–down of the occupants was completed, and during that time an unnatural bulge in [appellant's] waistband was noticed by the officers. [Appellant] appeared to be attempting to cover the bulge by folding her hands over top. Officer McGee recovered a Rossi .38 Special revolver, Serial No. D656556 with five live rounds from [appellant's] waistband, concealed beneath her clothing. The Commonwealth would have submitted Laboratory Case No. 1407301 to show that this was a .38 Special caliber revolver that was in good operating condition. [Appellant's driver's] license had been suspended, and [appellant] stated that she had recently been the victim of a home invasion where she suffered a gunshot wound, that she had taken her aunt's firearm to use for protection.

Trial court opinion, 1/4/16 at 2 (citation to notes of testimony omitted).

Appellant was subsequently arrested and charged with the aforementioned offenses, as well as receiving stolen property, prohibited offensive weapons, and the summary offense of general lighting requirements.[2] On November 18, 2014, appellant pled guilty to possession of a firearm, carrying a firearm without a license, and the summary offense of driving under suspension. The Commonwealth withdrew the remaining

---

[2] 18 Pa.C.S.A. §§ 3925, 908, and 75 Pa.C.S.A. § 4303, respectively.

charges. Following the completion of a pre-sentence investigation ("PSI") report, the trial court sentenced appellant to four to eight years' imprisonment, followed by two years' probation, on March 3, 2015.[3] On March 10, 2015, appellant filed a motion for reconsideration of sentence, which was denied by the trial court on March 13, 2015. On April 8, 2015, appellant filed, **inter alia**, a motion for leave to file supplemental post-sentence motions **nunc pro tunc**.[4] The trial court granted said motions on April 13, 2015. Thereafter, on May 4, 2015, appellant filed a supplemental post-sentence motion, which was denied by the trial court on May 12, 2015. This timely appeal followed.[5]

On appeal, appellant raises the following issue for our review:

> I.   Did the trial court err in imposing a sentence that was manifestly excessive, unreasonable, and an abuse of discretion when the trial court overlooked and/or failed to carefully consider relevant factors when sentencing [appellant], including the unique facts and circumstances of the crime, and her background and rehabilitative needs; and the [trial] court relied on erroneous, improper and impermissible factors; and failed to impose an individualized sentence?

---

[3] Appellant's sentence fell within the mitigated range of the Pennsylvania Sentencing Guidelines, 42 Pa.C.S.A. § 9701, **et seq.**

[4] The record reflects that this motion was filed by appellant's newly appointed counsel, William E. Brennan, Esq., and the trial court granted said motion on April 13, 2015, the last day for filing an appeal from the denial of the March 13, 2015 order.

[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's brief at 5.

Generally, our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted).

Where an appellant challenges the discretionary aspects of her sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of her sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed a timely notice of appeal and has preserved her issue in her supplemental post-sentence motion. Appellant has also included a statement in her brief that comports with the requirements of Pa.R.A.P. 2119(f). Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." *Commonwealth v. Davis*, 2016 WL 1625810, at *15 (Pa.Super. 2016) (citation omitted).

In her Rule 2119(f) statement, appellant argues that her sentence "was manifestly excessive, unreasonable, and an abuse of discretion[.]"

(Appellant's brief at 12.) In support of this claim, appellant contends that the trial court "failed to consider all relevant factors, particularly the unique circumstances of the crime[] and [her] background and rehabilitative needs[,]" as required by 42 Pa.C.S.A. § 9721(b). (*Id.* at 12-13.) Appellant's assertion that the trial court failed to consider her background and rehabilitative needs raises a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (finding "[a]ppellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review."); *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa.Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (finding, *inter alia*, an assertion that the trial court failed to account for appellant's rehabilitative needs was a substantial question suitable for review).

Appellant further avers that the trial court considered "erroneous, improper and impermissible factors" in sentencing her and "failed to impose an individualized sentence tailored to her and the attendant facts of her case." (Appellant's brief at 13.) We have recognized that "a claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question." *Allen*, 24 A.3d at 1064-1065 (citation omitted). Likewise, in *Commonwealth v. Ahmad*, a panel of this court concluded that a claim that the sentencing court failed to consider an

appellant's individualized circumstances in its imposition of sentence raised a substantial question. *Ahmad*, 961 A.2d 884, 887 (Pa.Super. 2008). Accordingly, we proceed to consider the merits of appellant's discretionary sentencing claims.

Appellant first argues that the trial court abused its discretion in failing to consider "the unique circumstances of the crime" and her "background and rehabilitative needs" when it imposed sentence. (Appellant's brief at 18.) Appellant contends her sentence was not individually "tailored to her and the attendant facts of her case." (*Id.* at 18-19.) We disagree.

This court will not disturb a trial court's sentence absent a finding the court failed to weigh the sentencing considerations in a meaningful fashion. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in [the] best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Herein, the record reveals that the trial court considered and weighed numerous factors in fashioning appellant's sentence, including the sentencing guidelines, the gravity of the offense, her prior criminal history, and the fact that her "adjustment to supervision has been poor." (Notes of testimony, 3/3/15 at 6, 15-16; *see also* trial court opinion, 1/4/16 at 5-6.)

At the sentencing hearing, the trial court heard evidence from appellant's counsel on her background and the underlying violent crime that led her to possess the firearm in question. (Notes of testimony, 3/3/15 at 3-4, 6-7.) The trial court also heard testimony on appellant's background from appellant's niece, Lucianna Perri, who stated she would like appellant to "go through some kind of drug and alcohol rehabilitation," as well as from appellant herself. (*Id.* at 10-12, 14-15.)

Although the record reflects that the trial court did not specifically state at the sentencing hearing that it considered appellant's rehabilitative needs, the trial court was in possession of a PSI report. Where the trial court has the benefit of a PSI report, as is the case here, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).[6] The record further reflects that the trial court heard

---

[6] We note that appellant has failed to ensure that the PSI report was made a part of the certified record. Generally,

> [i]t is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal . . . A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review

testimony from a number of witnesses regarding appellant's rehabilitative needs. Specifically, both Tomilyn Ward, a master in professional counseling who had been working with appellant, and Kristen George, who developed an outpatient service plan for appellant in conjunction with Justice Related Services, testified at the March 3, 2015 hearing. (Notes of testimony, 3/3/15 at 8-10, 12-13; **see also** trial court opinion, 1/4/16 at 6.)

Appellant also claims that the trial court considered impermissible factors in fashioning her sentence; specifically, the effect imposing a sentence of probation or home confinement would have on the trial judge's reputation. (Appellant's brief at 18, 20.) This claim is belied by the record. The record reveals that the trial court's statement at the sentencing hearing that, "if something goes wrong it's my name that goes in the paper, not yours[,]" albeit inappropriate, was not a factor the trial court considered in imposing sentence. (**See** notes of testimony, 3/3/15 at 13.) Rather, this statement was made in direct response to the following statement by appellant's counsel:

> [Counsel]: Your Honor, just in closing, I understand the Court's position with respect to my client and its intention with respect to the sentence. I've gotten to know this young lady very well over the last

---

> constitutes waiver of the issue sought to be examined.

**Commonwealth v. Manley**, 985 A.2d 256, 263 (Pa.Super. 2009), **appeal denied**, 996 A.2d 491 (Pa. 2010) (citations and brackets omitted). As our review was not impeded, however, we decline to find waiver in this instance.

> 7 months, and if Your Honor would consider an electronic monitoring program or some such program that doesn't involve the state prison, and if it does involve electronic monitoring my client – I don't doubt that my client will not disappoint this Court, Your Honor. And if she did I would be just as equally disappointed.

*Id.* Accordingly, for all the foregoing reasons, appellant's challenge to the discretionary aspects of her sentence must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016