**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDY L. STYDINGER, | : | |
| | : | |
| Appellant | : | No. 1610 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2019
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s):  CP-44-CR-0000500-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 17, 2020**

Brandy L. Stydinger ("Stydinger") appeals from the judgment of sentence entered following her conviction of delivery of a controlled substance ("Delivery").[1]  Counsel for Stydinger has filed a Petition to Withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw, and affirm Stydinger's judgment of sentence.

On February 15, 2018, a confidential informant ("CI") arranged to purchase diazepam (Valium), a controlled substance, from Stydinger.  The CI was searched and provided with U.S. currency to complete the transaction.  The CI was transported to Stydinger's residence.  At the residence, the CI

---

[1] **See** 35 P.S. § 780-113(a)(30).

purchased ten pills from Stydinger. The pills were later identified as diazepam. Stydinger subsequently was charged with Delivery.

A jury subsequently convicted Stydinger of Delivery. On September 12, 2019, the trial court sentenced Stydinger to serve three to eighteen months in the Mifflin County Correctional Facility. Stydinger did not file a post-sentence motion. The trial court ordered Stydinger to file a Pa.R.A.P. 1925(b) concise statement. Stydinger's counsel filed a Concise Statement indicating that there are no non-frivolous issues that could be raised on appeal, but identifying two issues to preserve the right to appellate review. *See* Concise Statement at 1.

In the *Anders* Brief, counsel presents the following claims for our review:

> [A.] Was the evidence sufficient to support the verdict because it did not prove, beyond a reasonable doubt[,] that [Stydinger] delivered a Schedule IV controlled substance to a [CI]?
>
> [B]. Was [t]rial [c]ounsel ineffective for failing to raise the affirmative defense of alibi at trial?
>
> [C]. Was the sentence imposed by the trial court excessive?
>
> [D]. Are there any non-frivolous issues preserved on appeal?

*Anders* Brief at 1-2 (unnumbered) (some capitalization omitted, issues renumbered).

Before this Court may consider the merits of the issue raised, we must address counsel's Petition to Withdraw from representation. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (stating

that, "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). According to **Santiago**, in the **Anders** brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Here, counsel's Petition to Withdraw states that he has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Stydinger that counsel was seeking permission to withdraw, furnished Stydinger with copies of the Petition to Withdraw and **Anders** Brief, and advised Stydinger of her right to retain new counsel, or proceed *pro se*, to raise any points she believes worthy of this Court's attention. **See id.** Accordingly, counsel has satisfied the procedural requirements of **Anders**.

We next determine whether counsel's **Anders** Brief meets the substantive dictates of **Santiago**. Our review of the **Anders** Brief discloses that counsel has provided the facts and procedural history of the case. Additionally, counsel refers to three substantive claims that could arguably support the appeal and concludes that the issues are wholly frivolous.

Because appellate counsel has satisfied the above requirements, we will address the substantive issues raised in the *Anders* Brief.

Stydinger first challenges the sufficiency of the evidence underlying the verdict. *Anders* Brief at 3-4. Counsel provides little to no citation to authorities or the record beyond this bald allegation. *See id.*

As this Court has explained,

[w]hen reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Hill*, 210 A.3d 1104, 1112 (Pa. Super. 2019) (internal quotation marks, citations and brackets omitted).

The Controlled Substance, Drug, Device and Cosmetic Act prohibits the delivery of a controlled substance without proper authorization. 35 P.S. § 780-113(a)(30). "Delivery" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance[.]" *Id.* § 780-102. "A defendant actually transfers drugs whenever [s]he physically conveys drugs to another person." *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004).

- 4 -

In its Opinion, the trial court addressed this claim as follows:

At [Stydinger's] jury trial on July 9, 2019, testimony provided [that] a [CI] made arrangements with [Stydinger] to purchase Valium at her residence. On February 15, 2018, the [CI] was strip searched to ensure there was not any money or contraband on his person and then transported to [Stydinger's] residence with twenty dollars in [t]ask [f]orce funds. The [CI] entered [Stydinger's] residence, bought ten (10) pills from [Stydinger] and left the residence minutes later. These ten (10) pills were later identified as [d]iazepam.[2]

Based upon this brief recitation of the testimony at trial[,] and when viewing all of the evidence admitted in the light most favorable to the Commonwealth, the [trial c]ourt finds [that] there was sufficient evidence that would have enabled the jury to find every element of the crime beyond a reasonable doubt. Testimony provided [that] the [CI] purchased [d]iazepam from [Stydinger] on February 15, 2018. The [CI] was strip searched prior to entering [Stydinger's] residence and[,] after leaving [Stydinger's] residence[,] had ten pills in his possession. He testified [that] he purchased these pills from [Stydinger] in exchange for the $20 given to him by the [d]rug [t]ask [f]orce. Based on this testimony, the jury could have found [that Stydinger] delivered [d]iazepam, a controlled substance, in exchange for the money.

Trial Court Opinion, 10/18/19, at 2 (footnote added); *see also* N.T., 7/9/19, at 45-48 (wherein the CI testified that he had purchased a controlled substance from Stydinger, at her residence, on February 15, 2018).

Our review discloses that the trial court's findings are supported by the evidence of record and its legal conclusions are sound. We therefore affirm on the basis of trial court's above-stated reasoning with regard to Stydinger's first claim. *See id.*

---

[2] The parties do not dispute that diazepam is a Schedule IV controlled substance under the Act.

In her second claim, Stydinger argues that the trial court imposed an excessive sentence. *Anders* Brief at 4. As counsel points out in the *Anders* Brief, the trial court sentenced Stydinger at the low end of the standard range of the sentencing guidelines. *Id.*

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (some citations omitted).

Our review of the record discloses that, although Stydinger timely filed her Notice of Appeal, she failed to preserve her sentencing challenge at sentencing or in a motion to reconsider and modify the sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (stating that "[a] challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence. Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a

- 6 -

discretionary aspect of a sentence is waived.") (citations omitted). Accordingly, Stydinger waived the claim by failing to file a post-sentence motion, and the issue is frivolous on appeal. *See id.*

In her third claim, Stydinger argues that trial counsel rendered ineffective assistance by failing to raise the affirmative defense of alibi. *Anders* Brief at 4.

Generally, a claim that trial counsel is ineffective is deferred to collateral review under the Post Conviction Relief Act ("PCRA").[3] *Commonwealth v. Holmes*, 79 A.3d 562, 563-64 (Pa. 2013). Ineffectiveness claims may be raised on direct appeal if (1) the appellant raised her claim(s) in a post-sentence motion; (2) an evidentiary hearing was held on the claim(s); and (3) a record devoted to the claim(s) has been developed. *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa. Super. 2006).

Here, Stydinger failed to satisfy the requirements of *Holmes* and *Leverette*. Therefore, this appeal is not the proper time to raise or address her ineffective assistance of counsel claim. Instead, Stydinger must wait to raise any ineffectiveness claims in a timely filed PCRA petition.

Finally, we review the record to determine whether there are any arguably meritorious issues that counsel, intentionally or not, missed or misstated. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa.

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Upon our review, we discern no additional, arguably meritorious issues that counsel missed or misstated. As such, we grant counsel's Petition to Withdraw, and affirm the judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

Judge Shogan concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/17/2020