J-S02004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL DOWLING | : | |
| | : | |
| Appellant | : | No. 3515 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 13, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002799-2008

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED:  MARCH 31, 2021**

Appellant, Nathaniel Dowling, appeals from the judgment of sentence of 2½ to 5 years' imprisonment, imposed following the revocation of his probation.  We affirm.

The revocation court provided the following statement of the case:

On February 18, 2009, … after nearly a day[-]and[-]a[-]half of jury selection[, Appellant] entered an open guilty plea to five counts of [p]ossession of a [c]ontrolled [s]ubstance with [i]ntent to [m]anufacture/[d]eliver … and one count of [c]riminal [c]onspiracy…, for selling crack cocaine to no less than four individuals[,] and criminally conspiring to violate [The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101 *et seq*.,] with no less than four individuals in January and February 2008.  Those charges emanated from a 2008 wiretap investigation by the Pottstown Police Department, which commenced after an escalation of violence between two rival drug gangs; one based in Pottstown, Montgomery County, and the other in southwest Philadelphia, of which [Appellant] was a member.   That investigation revealed that [Appellant], and multiple co-[d]efendants, were selling crack cocaine in Pottstown, and its neighboring townships.

On June 25, 2009, after reviewing both the Presentence Investigation (PSI) report and Probation and Parole Intervention Evaluation (PPI), the [c]ourt heard evidence from both the Commonwealth[ —] including testimony by Detective Michael Fedak of the Montgomery County District Attorney's Office Narcotics Enforcement Team, as to violent threats [Appellant] made against [him] and his wife[ —] and [Appellant], as well as [Appellant's] allocution, wherein he admit[ed] he got "caught up in the streets." Thereafter, the [c]ourt imposed consecutive [1 to 2] year sentences of imprisonment on each of the five counts for [p]ossession of a [c]ontrolled [s]ubstance with [i]ntent to [m]anufacture/[d]eliver, to commence from February 21, 2008, followed by [5] years of probation[] (consecutive to parole on each count) concurrent with each other; and on the single count of [c]onspiracy, [10] years of probation, concurrent to the terms of the prior consecutive probation[. This amounted to] an aggregate [term] of [5-10] years of incarceration[,] followed by ten (10) years of probation.

On April 23, 2012, [Appellant] was paroled from SCI-Forest. On July 19, 2018, [Appellant] was arrested in Philadelphia for possession of a firearm by a person prohibited (18 Pa.C.S. § 6105) and possession of a firearm with an obliterated serial number (18 Pa.C.S. § 6110)[. Appellant] ultimately pled guilty to both charges. On August 2, 2018, the [c]ourt issued a [b]ench [w]arrant as a result of [Appellant's] aforesaid violation[,] and [Appellant] was detained. On November 6, 2018, [Appellant] filed a Motion to Lift Detainer, which the [c]ourt granted and imposed house arrest with additional probationary conditions, including electronic GPS monitoring by [o]rder dated February 28, 2019.

On May 24, 2019, the [c]ourt issued a [b]ench [w]arrant for [Appellant's] May 22, 2019 violation of the [c]ourt's February 28, 2019 [o]rder. According to [Appellant's] [p]robation [a]gent, [Appellant] absconded from supervision. On July 16, 2019, [Appellant] appeared before the [c]ourt for a [c]ontested *Gagnon*[1] hearing. At the hearing's conclusion, after determining [Appellant] committed a violation of probation by virtue of traveling into Chester County without permission, the [c]ourt revoked probation. At [Appellant's] request, the [c]ourt continued

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

his sentencing hearing pending the resolution of his underlying case in Philadelphia, and [Appellant] was remanded.

On November 13, 2019, upon resolution of [Appellant's] Philadelphia charges (which resulted in guilty pleas,) and after reviewing both the [PSI] report and [PPI], and hearing evidence from both the Commonwealth and [Appellant], as well as [Appellant's] allocution, the [c]ourt sentenced [Appellant] to undergo imprisonment for not less than [2½] nor more than [5] years, to run concurrently with all previously imposed sentences[,] including the Philadelphia sentence imposed on the new charges.

On November 19, 2019, [Appellant] timely filed a Motion for Reconsideration of Sentence, asserting therein that the [c]ourt failed to consider: his personal circumstances and need to provide for his children economically, and the State Intermediate Punishment program ([]SIP[]) and/or boot camp, as alternative sentencing options. The [c]ourt denied [Appellant's] [m]otion by [o]rder dated November 25, 2019, and this timely appeal challenging the [c]ourt's recommitment followed.[2, 3]

Revocation Court Opinion (RCO), 6/3/20, at 1-3 (footnotes omitted).

Appellant raises a single issue for our review:

Whether Appellant's sentence of two-and-a-half (2.5) to five (5) years in a state correctional institution was manifestly excessive.

Appellant's Brief at 4.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary

---

[2] In Appellant's notice of appeal, he purported to appeal from the order denying his motion for reconsideration of sentence. However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

[3] The revocation court also ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he did so.

aspects of a sentence.") (citation omitted).  However, before reaching the merits of this issue, we must determine if Appellant has preserved it for our review.  "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the [lower] court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* (citations omitted).  Here, Appellant did not preserve his issue at sentencing or in a timely post-sentence motion.  In his post-sentence motion, Appellant raised the following challenges to his sentence:

a. The [revocation] court failed to adequately consider his personal circumstances and his need to provide for his children economically;

b. The [revocation] court failed to consider the [SIP] program for him;

c. The [revocation] court failed to consider boot camp as an option.

Motion for Reconsideration of Sentence, 11/19/19, at ¶ 3.  Therein, Appellant did not claim that his sentence was excessive.  He also does not point us to where he raised this excessiveness claim at the sentencing proceeding.  *See* Pa.R.A.P. 2117(c) (requiring, where an issue is not reviewable on appeal unless raised or preserved below, a statement of place of raising or preservation of issues); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement

of the case which set forth the information relating thereto as required by [Rule] 2117(c), or substantially the same information"). "Our appellate courts have long held that an [appellant] who does not follow [Rule] 2117(c) and [Rule] 2119(e) waives the related issues due to the defects in his brief." *Young v. S.B. Conrad, Inc.*, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the [lower] court, thereby preserving it for appellate review." *Commonwealth v. Baker*, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted).[4] Accordingly, Appellant has waived this issue.

Nevertheless, even if not waived, we would determine that Appellant's claim lacks merit. He avers that "[t]he sentence is unreasonable in view of the total circumstances of this case, particularly the technical nature of Appellant's violation and the lower court's improper focus on doling out a harsh punishment on the direct violations." Appellant's Brief at 17. He says that, "[w]hile the court does have discretion to determine the appropriate sentence upon revocation of probation or parole, the court is required to consider not only the protection of the public and gravity of the offense[,] but also the rehabilitative needs of the defendant and totality of the circumstances." *Id.* at 15.

---

[4] Appellant asserts that he "raised that the court should have considered [SIP] and/or boot camp during sentencing." Appellant's Brief at 11. However, that is not the excessiveness claim he presently advances.

When reviewing sentencing matters, it is well-settled that:

> [W]e must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court[']s judgment absent a manifest abuse of discretion. In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

> Through the Sentencing Code, the General Assembly has enacted a process by which defendants are to be sentenced. As a threshold matter, a sentencing court may select one or more options with regard to determining the appropriate sentence to be imposed upon a defendant. These options include probation, guilt without further penalty, partial confinement, and total confinement. In making this selection, the Sentencing Code offers general standards with respect to the imposition of sentence which require the sentence to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. Thus, sentencing is individualized; yet, the statute is clear that the court must also consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing.

> In considering an appeal from a sentence imposed following the revocation of probation, [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

> It is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist in accordance with Section 9771(c) of the Sentencing Code:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.[C.S.] § 9771([c]).

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct. [I]t is only when it becomes apparent that the probationary order is not serving this desired end [of rehabilitation] the court's discretion to impose a more appropriate sanction should not be fettered.

*Ahmad*, 961 A.2d at 887-89 (most internal citations and quotation marks omitted; some brackets added).

Here, the revocation court explained the basis for its sentence as follows:

> [C]ontrary to [Appellant's] claim, the [c]ourt appropriately took into consideration the Commonwealth's well-founded and aptly articulated concerns and state[-]term sentencing request. Moreover, the term imposed was not only far less than [Appellant's 5-10] year exposure, but was also wholly reasonable in light of the underlying facts and circumstances, including [Appellant's] recent guilty pleas to dual gun charges. As such, and after reviewing [Appellant's PSI report and PPI], the [c]ourt set forth its sentencing rationale [at sentencing], as follows:
>
> > The [c]ourt: … I can't ignore certain factors[,] one of which is [Appellant] pled guilty to serious drug delivery charges. He was dealing drugs when he pled guilty before me ten years ago at the age of twenty….
> >
> > [M]ost significant to me … is that [Appellant] was in possession of a weapon with an obliterated serial number. I have been around long enough to know that possession of

such a weapon in the hands of somebody who was previously convicted of being a drug dealer suggests to me that there's some serious conduct going on.

***

[I]t seems to me that the conduct of [Appellant] does require the imposition of a state sentence.

So for all of the information that I have before me[,] and because I think a state sentence vindicates the authority of the [c]ourt[,] and because I think a state sentence is necessary to protect the public from someone who would be a felon carrying a weapon with an obliterated number on it[, I'm going to impose the following sentence…].

[]N.T.[,] 11/13/19, at 19-21…. Additionally, the [c]ourt, not unmindful that guns and drug activity frequently go hand in hand, appropriately considered the requisite sentencing factors, not the least of which was a concern for the safety of the public. [Appellant's] conduct resulting in a violation of his probation fit the … criteria for total confinement, [*see*] 42 Pa.C.S. § 9771(c): (1) he was convicted of new[,] serious crimes, *i.e.*, possession of a firearm by a person prohibited (18 Pa.C.S. § 6105) and possession of a firearm with an obliterated serial number (18 Pa.C.S. § 6110); (2) his conduct indicated a likelihood that he would commit another crime if not imprisoned; and (3) such a sentence was essential to vindicate the authority of the [c]ourt. A sentence of any less gravity would depreciate the severity of [Appellant's] criminal conduct. ***See Commonwealth v. Edwards***, 71 A.3d 323, 327 (Pa. Super. … 2013) (internal citations omitted); ***see also*** 42 Pa.C.S. §§ 9721(b), 9771; ***see also Commonwealth v. Malovich***, 903 A.2d 1247 (Pa. Super. … 2006) ([r]ejecting [the] defendant's claim [that] sentence imposed upon probation revocation was excessive or disproportionate, where [the] trial court found [the] defendant reluctant to change and [the] record lacked evidence that the court was motivated by partiality, prejudice, bias or ill will, and the sentence was not manifestly unreasonable[).] Likewise, in ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179 (Pa. Super. … 2016), the appellate court upheld the [c]ourt's imposition of sentence, despite [the] defendant's claim that it was excessive. Finding troubling [the] defendant's inability to abide by the terms and conditions of his probation and the seriousness of his crimes, the appellate court concluded [that] the sentence was

appropriately imposed based on the trial court's review of the detailed [PSI] report, as well as its consideration of defense counsel's arguments and [the] defendant's bipolar diagnosis and juvenile adjudication history.

Similarly, in this case, given the specific factual underpinnings of [Appellant's] original conviction..., the [c]ourt was deeply troubled by [Appellant's] illegal possession of a weapon with an obliterated serial number, and [Appellant's] total disregard for the terms of supervision, even after the [c]ourt gave him the opportunity to be on house arrest after his arrest on the new gun charges. In short, the sentence imposed was compliant with the requisite criteria, well within the [c]ourt's discretion, and far from excessive under the circumstances.

RCO at 5-7 (some internal citations omitted; some brackets added).

We would discern no abuse of discretion. The revocation court soundly articulated the reasons for why it imposed the sentence that it did, in light of the circumstances before it. It considered the protection of the public, the gravity of the offense, and the rehabilitative needs of Appellant. *See* RCO at 6 (stating that it "appropriately considered the requisite sentencing factors, not the least of which was a concern for the safety of the public"). We also point out that the revocation court reviewed Appellant's PSI report prior to sentencing him, and observe that, "where the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (citation omitted). Accordingly, even if Appellant had properly preserved his sentencing issue, we would discern no abuse of discretion by the revocation court in sentencing him.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/21