J-A01045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRICK RAINEY | : | |
| | : | |
| Appellant | : | No. 1271 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001853-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRICK RAINEY | : | |
| | : | |
| Appellant | : | No. 1272 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006288-2021

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED JANUARY 12, 2023**

Jerrick Reiney appeals from the judgment of sentence, entered in the

Court of Common Pleas of Philadelphia County, after being convicted on two

separate bills of information (CP-51-CR-1853-2020 & CP-51-CR-6288-2021),[1]

following a bench trial, of robbery, conspiracy, theft by unlawful taking,

receiving stolen property (RSP), possession of an instrument of crime (PIC),

simple assault, recklessly endangering another person (REAP), terroristic

threats, and retaliation against witness or victim. After careful review, we

affirm.

On May 16, 2019, Rainey approached the victim as he was walking to a

bus stop on the 2400 block of 86th Avenue in Philadelphia. As the victim

turned around, Rainey placed the victim in a chokehold, while a cohort

rummaged through the victim's pockets. The cohort fled the scene, with the

victim giving chase. Rainey shot the victim with a stun gun, causing him to

lose momentary consciousness, and giving Rainey and the cohort the

opportunity to flee the scene. The victim was able to take a picture of Rainey's

car before he and the cohort drove off. The victim gave the police a statement

detailing the incident which, ultimately, led to Rainey's arrest.

Prior to trial, in August of 2020, Rainey confronted the victim in the area

of Broad Street and Hunting Park Avenue, asking him, "we are not going to

have a problem are we," and flashing a handgun on his hip. The victim replied,

---

[1] At docket number CR-1853, Rainey was charged with robbery, conspiracy, theft, RSP, PIC, prohibited offensive weapons, simple assault, and REAP. At docket number CR-6288, Rainey was charged with intimidation of witness/victim, possession of prohibited firearm, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and terroristic threats. The cases were consolidated for trial.

"we all good." Rainey walked away. The victim gave the police a statement regarding this second encounter with Rainey. At trial, the victim testified that as a result of this incident he felt threatened not to testify against Rainey.

Rainey proceeded to a bench trial before the Honorable Roxanne E. Covington. On October 28, 2021, the trial judge found Rainey guilty of the above-mentioned offenses. Prior to imposing sentence, the court confirmed that it had "thoroughly reviewed" the information contained within a pre-sentence information report (PSI). N.T. Sentencing, 2/2/22, at 5. On February 1, 2022, Rainey was sentenced to 5-10 years' incarceration on the robbery charge, and a consecutive 5-10 years of incarceration on the witness intimidation charge—an aggregate sentence of 10-20 years' incarceration.[2] Rainey also received credit for time served and was ordered to receive drug treatment and a mental health evaluation (dual diagnoses) while incarcerated. Rainey filed a motion to reconsider sentence, which was denied on April 6, 2022.

---

[2] The trial court imposed no further sentence on the remaining counts of conspiracy, theft by unlawful taking, RSP, possession of prohibited weapons, REAP, terroristic threats, carrying firearms in public, and PIC.

Rainey filed timely notices of appeal[3] and court-ordered Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. Rainey raises the following issues for our consideration:

(1)   Did not the sentencing court violate the requirements of [section] 9712(b) of the Sentencing Code[,] which states that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant, as the [trial] court seemed to exclusively focus on [Rainey's] criminal conduct rather than his rehabilitative needs, mitigating circumstances[,] or drug abuse problems?

(2)   Was not the [trial] court's sentence violative of the precepts of the Pennsylvania Sentencing Code, and contrary to the fundamental norms underlying the sentencing process, and[,] therefore[,] was it not manifestly unreasonable, excessive, and an abuse of discretion?

Appellant's Brief, at 4.

Rainey's issues on appeal implicate the discretionary aspects of his sentence. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal

---

[3] By filing two separate notices of appeal for each docket number, Rainey has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), wherein our Supreme Court held that appellants are required to file to separate notices of appeal when a single order resolves issues arising on more than one lower court docket. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1148 (Pa. Super. 2020) (en banc) (even if appellant lists multiple trial court docket numbers on notices of appeal, appeals need not be quashed if appellant files appropriate number of notices of appeal).

defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Rainey has satisfied the first three prongs of the above-cited test. Thus, we must determine whether he has presented us with a substantial question to invoke appellate review of his claim.

Rainey first claims that the trial court failed to provide "appropriate and adequate reasons for imposing a sentence [for his robbery conviction] greatly in excess of the guidelines [where it] cit[ed] to factors that were already included in the offense and prior record score, and/or which were impermissible considerations." Appellant's Brief, at 10. In addition, Rainey claims that the trial judge erred in the "manner in which [she] exercised [her] discretion" by not imposing an "individualized" sentence. Appellant's Brief, at 11. Finally, Rainey alleges that the length of his overall sentence was "manifestly unreasonable, excessive[,] and not individualized." *Id.*

We conclude that Rainey's claims raise substantial questions. *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (claim court failed to consider sentencing factors under section 9721(b) raises substantial question); *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (claim sentencing court abused discretion by failing to impose individualized sentence raises substantial question); *Commonwealth v. Malovich*, 903

- 5 -

A.2d 1247, 1253 (Pa. Super. 2006) ("[C]laims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions.").

Instantly, the trial judge explained why she chose to impose a robbery sentence that exceeded[4] the aggravated range of the guidelines. First, Judge Covington pointed out that she not only considered the sentencing guidelines, but also a PSI, the trial testimony of the witnesses, and counsel's arguments. *See* N.T. Sentencing Hearing, 2/1/22, at 27-28. In particular, the court recognized that Rainey had been placed on probation for a burglary he committed in 2015. Within one year of that incident he committed a robbery and was sentenced to 2-4 years' incarceration, and then, almost within one year of being on probation for that sentence, committed the instant robbery, which led to the consequent intimidation charge. *Id.* At 24. Moreover, because the trial judge had the benefit of reviewing a PSI prior to imposing Rainey's sentence, we must presume that she considered all relevant sentencing factors and did not impose a sentence based solely on the gravity of the offenses. *Commonwealth v. Devers*, A.3d 12, 18 (Pa. 1988). Accordingly, the record bears out that the court did not abuse its discretion when it rendered its above-the-guideline, "individualized" robbery sentence. Thus, this claim is meritless.

---

[4] Rainey's robbery sentence exceeded the aggravated range of the guidelines by 9 months.

Finally, Rainey's claim that the sentencing court's aggregate sentence was manifestly unreasonable and excessive in light of the fact that he has a serious drug abuse problem, warrants him no relief. The trial judge could have imposed an even greater sentence of up to 25-50 years' imprisonment had she chosen to impose additional time on more than six charges of which Rainey was convicted. Instead, the court imposed no further penalty on the charges of conspiracy, theft by unlawful taking, RSP, possession of prohibited weapons, REAP, terroristic threats and carrying firearms in public, and two counts of PIC. In addition, the court expressly stated that it considered the PSI, which means that we presume the sentencing judge not only was aware of Rainey's drug problem, but also weighed and considered that fact along with mitigating statutory factors when sentencing him. ***See id.*** Thus, we conclude that the court did not abuse its discretion in imposing an aggregate sentence of 10-20 years. Accordingly, we find no merit to Rainey's claim.

Judgment of sentence affirmed.

*Judgment Entered.*

_____

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/12/2023*