J-S33032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                          :          PENNSYLVANIA
                          :
            v.               :
                          :
                          :
DARRYL COPPER            :
                          :
          Appellant     :   No. 3087 EDA 2024

Appeal from the Judgment of Sentence Entered February 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007303-2021

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:         **FILED NOVEMBER 17, 2025**

Darryl Copper ("Copper") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his open guilty plea to persons not to possess firearms, and firearms not to be carried without a license.[1] On appeal, Copper challenges the discretionary aspects of his sentence. We affirm.

On July 30, 2021, police officers arrested Copper upon learning that he had a bench warrant for his arrest. During the search incident to arrest, officers found a firearm in Copper's backpack. Copper did not have a license to carry the firearm.

---

[1] 18 Pa.C.S. §§ 6105, 6106.

On September 29, 2022, Copper agreed to enter an open guilty plea to above charges, which the trial court accepted. On February 7, 2023, the court sentenced him to four to eight years in prison. On February 21, 2023, Copper filed an untimely motion for reconsideration of his sentence. On June 21, 2023, the court issued an ordering stating that Copper's motion was denied by operation of law. Copper did not file a direct appeal.

On December 22, 2023, Copper filed a pro se petition pursuant to the Post Conviction Relief Act ("PCRA"). The PCRA court appointed him counsel, who filed an amended PCRA petition requesting the reinstatement of his direct appeal rights. The PCRA court granted Copper the requested relief, following which Copper filed the instant appeal. Copper raises the following question for our review: "Whether [Copper's] sentence was unduly harsh and excessive?" Copper's Brief at 7 (unnecessary capitalization omitted).

Copper challenges the discretionary aspects of his sentence. *See Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence."). There is "no absolute right to appeal when challenging the discretionary aspects of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). To invoke this Court's jurisdiction, Copper must satisfy the four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has

- 2 -

a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Baker**, 311 A.3d 12, 18 (Pa. Super. 2024) (citation and brackets omitted).

Here, Copper failed to preserve his discretionary sentencing challenge as he did not raise the issue at sentencing or in a timely post-sentence motion. Although Copper filed a post-sentence motion on February 21, 2024, the trial court sentenced him on February 7, 2024, rendering the motion untimely.[2] **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **see also Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal."). Therefore, we cannot review Copper's discretionary aspects of sentencing claim. **See Commonwealth v. Tejada**, 107 A.3d 788, 799 (Pa. Super. 2015) (concluding this Court could not review appellant's discretionary aspects of sentencing claim where he failed to preserve the challenge at sentencing or in a post-sentence motion).

Judgment of sentence affirmed.

---

[2] At the sentencing hearing, Copper's counsel informed Copper that he had ten days to file a post-sentence motion. N.T., 2/7/2023, at 22-24. Nevertheless, counsel failed to file the motion within ten days of sentencing.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/17/2025